MOUTONDELL'ANNO LLP

**Gregory P. Mouton, Jr., Esq.**

+1 646 706 7481 (t)
+1 646 706 7481 (f)
gmouton@moutondellanno.com

May 12, 2017

Hon. Robert W. Sweet
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Via ECF

Re: *Matthew Wright v. City of New York, et al.*, 16 Civ. 1397 (RWS)

Your Honor,

My office represents Plaintiff Matthew Wright in the above-entitled action. In that capacity, I write to respectfully request that the Court issue an Order

(1) pursuant to FRCP Rule 37(a)(3)(A) compelling Defendants to produce responsive documents as set forth herein to Plaintiff's First Set of Document Demands pursuant to FRCP Rule 26(a);
(2) pursuant to FRCP 37(a)(3)(B) compelling the individual defendants to produce answers and documents responsive to Plaintiff's Second Set of Interrogatories and Document Demands;
(3) pursuant to FRCP Rule 37(a)(3)(B) compelling Defendants to produce documents responsive to Plaintiff's Third Set of Document Demands;
(4) pursuant to FRCP Rule 37(a)(5)(B) granting Mr. Wright attorneys' fees against Defendants for failure to provide the foregoing disclosures; and
(5) granting Plaintiff such other and further relief as the Court deems just and necessary.

The parties have repeatedly met and conferred regarding the issues raised herein by telephone on February 7, 2017; February 28, 2017; March 17, 2017; April 3, 2017; and April 5, 2017.

## I. BACKGROUND

Mr. Wright filed the instant action on February 23, 2016, alleging that his civil rights were violated on June 20, 2014, when members of the New York City Police Department ("NYPD") arrested him for, *inter alia*, possession of a controlled substance. On that date, Mr. Wright alleges that Defendant Police Officer Elisha Duncan approached him as he was walking and told him, in sum and substance, that he knew Mr. Wright was the person with the dope before calling for backup and placing Mr. Wright under arrest. *See, generally* Complaint, Docket Entry No. 1.

Following Mr. Wright's arrest, Defendant Duncan disappeared after stealing $40,000.00 from fellow police officers. An investigation by NYPD's Internal Affairs ensued, and Mr. Duncan was found and, upon information and belief, disciplinary measures were taken against him. Further, Defendant Duncan has been sued approximately eight times since 2008 for civil rights violations.

On September 30, 2016, Plaintiff served Defendants with his First Set of Interrogatories and Document Demands. On December 12, 2016, Plaintiff served Defendants with his Second Set of Interrogatories and Document Demands to the respective individual defendants. *See* Plaintiff's Second Set of Interrogatories to each individual defendant, collectively annexed hereto as Exhibit 2; Plaintiff's Second Set of Document Demands to each individual defendant, collectively annexed hereto as Exhibit 3. On December 16, 2016, Defendants served Plaintiff with their responses to the First Set of Interrogatories and Document Demands. *See* Defendants' responses to Plaintiff's First Set of Interrogatories and Document Demands annexed hereto as Exhibit 1. On December 18, 2016, Plaintiff served Defendants with a deficiency letter outlining documents and information that was missing from their responses to the First Set of Interrogatories and Document Demands. On December 19, 2016, Plaintiff served Defendants with his Third Set of Document Demands. *See* Plaintiff's Third Set of Document Demands annexed hereto as Exhibit 4.

The parties have repeatedly met and conferred regarding the issues raised herein by telephone on February 7, 2017; February 28, 2017; March 17, 2017; April 3, 2017; and April 5, 2017. Further, Plaintiff has attempted to patiently wait for Defendants to produce the discovery noted herein, however, this wait has turned into months with no production by Defendants, and, in the case of the second and third sets of discovery demands, absolutely no responses. Nor have Defendants produced a privilege log. Depositions cannot be held until Defendants produce this critical, basic discovery, and it is respectfully requested that the Court grant the instant application.

## II. DEFENDANTS SHOULD BE COMPELLED TO PRODUCE RESPONSIVE DISCOVERY TO PLAINTIFF'S SECOND SET OF INTERROGATORIES, SECOND SET OF DOCUMENT DEMANDS, AND THIRD SET OF DOCUMENT DEMANDS

As an initial matter, by failing to timely respond to the demands and produce a privilege log, Defendants have waived any objections to Plaintiff's Second Set of Interrogatories, Second Set of Document Demands, and Third Set of Document Demands. *Eldaghar v. City of N.Y. Dep't of Citywide Admin. Serv.'s*, 02-CV-9151 (KMW) (HBP), 2003 U.S. Dist. LEXIS 19247 at *2 (S.D.N.Y. Oct. 20, 2003) ("The law is well settled that a failure to assert objections to a discovery request in a timely manner operates as a waiver"); *Kitevski v. City of New York*, 04-CV-7402 (RCC)(RLE), 2006 WL 680527 at *4 (Mar. 16, 2006) ("The City has failed to provide a privilege log, and has failed to present any justification for that failure. It has, therefore, waived any privilege with respect to the ... records by failing to properly identify the documents, and assert the privilege.").

Even having waived any objections to the Second Set of Interrogatories and Second Set of Document Demands, the information and documents requested therein is clearly discoverable. Courts have consistently held that information and documents related to a defendant's net worth are discoverable as they are relevant to punitive damages. *See Open Housing Ctr. v. Kings Highway Realty*, 1993 U.S. Dist. LEXIS 15927, *3 (E.D.N.Y. Nov. 8, 1993); *Collens v. City of New York*, 222 F.R.D. 249, 254 (S.D.N.Y. 2004); *Hamm v. Potamkin*, 1999 U.S. Dist. LEXIS 5948, *2 (S.D.N.Y. Apr. 28, 1999); *Hazeldine v. Beverage Media*, 1997 U.S. Dist. LEXIS 8971, *3 - *4 (S.D.N.Y. 1997); *Cooper v. Hallgarten*

*& Co.*, 34 F.R.D. 482, 484 (S.D.N.Y. 1994); *Jermaine Fable v. The City of New York*, 12 CV 5781 (SLT) (RML) (E.D.N.Y. July 18, 2013) (Minute Entry);

Further, as set forth in Section III(q), *infra*, the underlying disciplinary files demanded in Plaintiff's Third Set of Document Demands are clearly discoverable.

## III. DEFENDANTS SHOULD BE COMPELLED TO PRODUCE RESPONSIVE DISCOVERY TO PLAINTIFF'S FIRST SET OF DOCUMENT DEMANDS

### *a. Background Check Reports (Document Request Nos. 31, 111, 112, 115, 117, & 123)*

Defendants should be compelled to produce any background check reports that were run in conjunction with the incident underlying the Complaint, including the III, NY/NJ HIDTA, CJIS 2000, NCIC, FBI Response, BADS, NYSPIN, and OCA reports. These reports are clearly relevant as the Defendants could rely upon the information in them (such as information regarding warrants) to establish probable cause. *See United States v. Towne*, 870 F.2d 880, 884 (2d Cir.1989) (finding probable cause to arrest where officer learned of out-of-state warrant after conducting a background check on NCIC); *Vasquez v. McPherson*, 285 F.Supp.2d 334, 341 (S.D.N.Y. 2003) (same); *Moscatelli v. City of Middletown*, 252 A.D.2d 547, 639 (2d Dep't 1998) (officer properly relied upon the information in the NYSPIN computer and the defendant established the existence of probable cause for arresting the defendant). Since February 7, 2017, Defendants have stated that they would provide these documents or amend their responses in light of any negative search results, but have not to date.

### *b. Command Log Entries (Document Request No. 36)*

Defendants should be compelled to produce the Command Log entry for Plaintiff related to the incident underlying the Complaint as it contains information related to Plaintiff's arrest written by Defendants which Defendants may ultimately rely on at trial. *See, e.g.*, *Phillips v. City of New York*, 871 F.Supp.2d 200, 202 at fn. 1 (E.D.N.Y. 2012) (Defendant City of New York permitted to admit command log at the time of trial). Since February 7, 2017, Defendants have stated that they would provide the Command Log entries, but have not to date.

### *c. Property Vouchers (Document Request No. 52)*

Defendants should be compelled to produce any Property Vouchers prepared by the Defendants related to the incident underlying the Complaint. *See, e.g.*, *Williams v. Ward*, 845 F.2d 374, 376 (2d Cir. 1988) ("The arresting officer also prepares… a property voucher form"). Although Defendants referenced Bates-stamped documents in response to the document demand, the documents they reference are not property vouchers. Since February 7, 2017, Defendants have stated that they would provide these documents, but have not to date.

### *d. Scratch Copies of the Arrest and Complaint Reports (Document Request Nos. 38 & 40)*

Defendants should be compelled to produce any scratch copies of the complaint or arrest reports related to the incident underlying the Complaint as they were drafted by the individual defendants, contain summaries of information related to Plaintiff's arrest, and are clearly relevant to this matter. *See Cordero v. City of N.Y.*, 15 CV 3436 (JBW) (MDG) at *1 (E.D.N.Y. March 25, 2016)

(Docket Entry No. 36) (directing Defendants to provide affidavit regarding the absence of scratch copies of arrest and complaint reports). Although Defendants referenced Bates-stamped documents in response to the document demands, the documents they reference are not scratch copies. Since February 7, 2017, Defendants have stated that they would provide these documents or amend their responses in light of any negative search results, but have not to date.

***e. Memo Books (Document Request Nos. 63, 65, 66, 67, & 69 – 71)***

Defendants should be compelled to produce any memo book entries or other notes written by Defendants O'Keefe and Rudden related to the incident underlying the Complaint. These documents are clearly relevant, and are no copies, even unredacted copies, have not yet been provided. As set forth below, Defendants should, respectfully, be compelled to produce these documents in unredacted form for the tour during which Plaintiff was arrested.[1]

Furthermore, Defendants produced redacted copies of all of the memo books of the individual defendants. Defendants should be compelled to produce unredacted copies of all of the individual defendants' memo books for the tour during which Plaintiff was arrested. *See Cordero v. City of N.Y.*, 15 CV 3436 (JBW) (MDG) at *1 (E.D.N.Y. Apr. 22, 2016) (Docket Entry No. 42) (directing Defendants to produce unredacted memo book entries for the tour during which the plaintiff was arrested). The redacted portions of the memo books are directly relevant to Plaintiff's claims, as these officers are alleged to have witnessed Plaintiff's criminal conduct and to have participated in his arrest. If the defendants did not record these events in their memo book as required by the patrol guide, or if the entries indicate that defendants were elsewhere or otherwise occupied at the time of plaintiff's arrest, it will be highly probative of Plaintiff's false arrest claims. The chronology of the officers' tours will also guide Plaintiff's depositions of them. This is especially important as, in the instant matter, Defendants contend that they were engaging in a complex drug operation during their tour at or near the location where Plaintiff was arrested.

***f. Court Attendance Records (Document Request Nos. 75, 81, 87, 93, & 99)***

Defendants should be compelled to produce the court attendance records for the individual defendants. Plaintiff has asserted a malicious prosecution claim, and these documents are relevant to whether the individual defendants continued participating in the plaintiff's prosecution following his arrest. Since February 7, 2017, Defendants have stated that they would provide these documents or amend their responses in light of any negative search results, but have not to date.

***g. Photographs of the Defendant Officers (Document Request Nos. 77, 83, 89, 95, & 101)***

Defendants should be compelled to produce labeled photographs of the individual defendants. The law in the Second Circuit on this topic is well developed. Photographs of civil rights defendants are discoverable. *See Murphy v. West*, 533 F. Supp. 2d 312, 317 (W.D.N.Y. 2008); *Beckles v. City of New York*, 08-CV-3687 (RJH) (JCF), 2010 WL 1841714, *5 (S.D.N.Y. May 10, 2010); *Castro v. City of New York*, 94-CV-5914 (JFK), 1995 WL 699730, *1 (S.D.N.Y. Nov. 28, 1995); *Lozano v. City of New York*, 88-CV- 659 (SWK), 1992 WL 116433 (S.D.N.Y. Apr. 17, 1992); *Snoussi v. Bivona*, 05-CV-3133 (RJD) (LB), 2009 WL 701007 (E.D.N.Y. Mar 3, 2009); *Plair v. City of New York*, 10-CV- 8177 (RWS) (S.D.N.Y. May 29, 2012) (Docket Entry 58); *Chavez v. City of New York*, 11-CV-117 (PAE) (S.D.N.Y.

[1] Plaintiff certainly agrees to the redaction of non-party pedigree information.

Dec. 23, 2011) (Docket Entry 25); *Joyner v. City of New York*, 12-CV-177 (ENV) (E.D.N.Y. Aug. 1, 2012) (Docket Entry 16); *Harrison v. City of New York*, 11-CV-2762 (SLT) (E.D.N.Y. April 13, 2012) (Docket Entry 18). Furthermore, Defendants have consented to provide these photographs, and the parties executed a confidentiality agreement related to these photographs on March 17, 2017. *See* Docket Entry No. 32. However, to date, these photographs have not been provided.

***h. Emails (Document Request Nos. 79, 85, 91, 97, & 103)***

Defendants should be compelled to produce any emails that relate to Plaintiff's arrest, as any information contained in those emails would clearly be relevant to this matter. Since February 7, 2017, Defendants have stated that they would provide these documents or amend their responses in light of any negative search results, but have not to date.

***i. Mugshot and Central Booking Photos (Document Request Nos. 106 & 120)***

Defendants should be compelled to produce full-size, color copies of Plaintiff's mugshot and Central Booking photographs related to the incident underlying the Complaint. These photographs are clearly relevant as Plaintiff is alleging excessive force, and these photographs may depict the injuries suffered by Plaintiff. Although Defendants referenced a Bates-stamped document in response to the the request for the mugshot only, the document they referenced was not a full-sized, color photograph. Since February 7, 2017, Defendants have stated that they would provide these documents, but have not to date.

***j. Drug Field Test Reports (Document Request No. 122)***

Defendants should be compelled to produce any drug field test reports conducted by the individual defendants related to the incident underlying the Complaint. Although Defendants referenced Bates-stamped documents in response to the document demand, the documents they reference are not field test reports. Since February 7, 2017, Defendants have stated that they would provide these documents or amend their responses in light of any negative search results, but have not to date.

***k. Supporting Depositions (Document Request No. 124)***

Defendants should be compelled to produce any supporting depositions for the Criminal Court Complaint. As these documents would contain sworn statements by either witnesses or the individual defendants about the underlying incident, they are clearly relevant. Since February 7, 2017, Defendants have stated that they would provide these documents or amend their responses in light of any negative search results, but have not to date.

***l. DA File and Complaint Room Screening Sheet (Document Request Nos. 58 & 131)***

Defendants should be compelled to produce the Bronx County District Attorney's file and Complaint Room Screening Sheet related to the incident underlying the Complaint. Although Defendants asserted that the documents were privileged, courts "have consistently held" that Rule 26(b)(3) provides no protection where the prosecutor is not a party to the civil action. *Abdell v. City of New York*, No. 05 CV 8453, 2006 WL 2664313, at *3 (S.D.N.Y. Sept. 14, 2006); *see also Ramsey v. NYP Holdings, Inc.*, No. 00 Civ 3478, 2002 WL 1402055, at *6 (S.D.N.Y. June 27, 2002) (collecting cases).

Further, Since February 7, 2017, Defendants have stated that they would provide these documents, but have not to date.

### *m. Evidence Invoices*

The documents produced by Defendants indicated that there were two evidence invoices, namely PETS Invoice Nos. 1201918412 and 5557020 that have not been produced. Since February 7, 2017, Defendants have stated that they would provide these documents, but have not to date. As such, Defendants should be compelled to provide these invoices.

### *n. Physical inspection of the arrest evidence*

Since February 7, 2017, Defendants have indicated that said evidence would be produced for inspection. However, not all of the evidence vouchers have been produced, and Defendants have not set a date for a physical inspection of the evidence. As such, it is respectfully requested that the Court set a date certain for Plaintiff to physically inspect the arrest evidence.

### *o. IAB, CPI, Department Advocate, Chief of Department and CCRB Summaries (Document Request Nos. 133 – 137, 141 – 145, 149 – 153, 157 – 161, & 165 – 169)*

Defendants have produced redacted IAB, CPI and CCRB summaries for the individual defendants. Defendants should be directed to produce "complete unredacted IAB, CPI and CCRB summaries regardless of whether they post-date plaintiff's arrest or involve open investigations." *See Cordero v. City of N.Y.*, 15 CV 3436 (JBW) (MDG) at *1 (E.D.N.Y. March 25, 2016) (Docket Entry No. 36); *see also Kitevsky v. City of New York*, 04-CV-7402 (RCC)(RLE), 2006 WL 680527 (Mar. 16, 2006) (open allegations discoverable); *Ismail v. Cohen*, 899 F.2d 183, 188-89 (2d Cir. 1990) (allegations that post-date incident are discoverable).

Defendants should be compelled to produce the Department Advocate summaries and files for the individual Defendants. CCRB, acting as an initial investigative body, sends complaints that are found to be "substantiated" to the Department Advocate's Office for further investigation and potential discipline. Given that the Department Advocate's Office investigates and disciplines officers for misconduct,[2] the summaries and files are clearly discoverable.

Defendants should be compelled to produce the Chief of Department summaries and files for the individual Defendants. The Chief of Department conducts investigations into misconduct by officers within the NYPD through borough- or precinct-level investigators.[3] As such, the summaries and files from the Chief of Department are clearly relevant and discoverable.

---

[2] *See, e.g.*, *Alvarez v. City of New York*, 31 F.Supp.2d 334, 336 (S.D.N.Y. 1998) (member of Department Advocate's office "investigated and prosecuted cases involving allegations of police brutality and misconduct"); *Floyd v. City of N.Y.*, 959 F.Supp.2d 668, 684 (S.D.N.Y. 2013) ("The Department Advocate's Office must improve its procedures for imposing discipline in response to the Civilian Complaint Review Board's… findings of substantiated misconduct").

[3] *See, e.g.*, "Observations on Accountability and Transparency in Ten NYPD Chokehold Cases" at p. v. (located at http://www1.nyc.gov/assets/oignypd/downloads/pdf/chokehold_report_1-2015.pdf); *Banushi v. City of N.Y.*, 14 CV 582 (KAM) (LB) at *2 (E.D.N.Y. Feb. 21, 2014) (noting investigation was transferred from IAB to the Chief of Department); *Bazile v. City of N.Y.*, 215

### *p. Minor Infraction Logs (Document Request Nos. 138, 146, 154, 162, & 170)*

Defendants should be compelled to produce the Minor Infraction Logs for each individual defendants. While sounding innocuous, the Minor Infraction Log does not actually contain minor infractions. A supervising officer has the choice of referring an officer for disciplinary action (which would end up on one of the other disciplinary reports such as the IAB or CCRB reports) or placing an entry in the officer's Minor Infraction Log. In other words, the Minor Infraction Log includes serious offenses which may otherwise have been disciplined at a higher level. As such, the information contained within these logs are disciplinary records that are discoverable. *See* Section III(o), *supra*.

### *q. Underlying Disciplinary Files (Document Request No. 19)*

Defendants should be compelled to produce the underlying disciplinary files[4], as well as those from the Department Advocate and Chief of Department. It is well established that the underlying disciplinary files are discoverable. *Zhao v. City of New York*, 07-CV-3636 (LAK)(MHD), 2007 WL 4205856, *1 (S.D.N.Y. Nov. 21, 2007); *Bradley v. City of New York*, 04-CV-8411 (RWS)(MHD), 2005 WL 2508253 (S.D.N.Y. Oct. 3, 2005); *Pacheco v. City of New York*, 05-CV-2013 (NG)(VVP), 2006 WL 648057, *1 (E.D.N.Y. Mar. 13, 2006); *Kitevsky v. City of New York*, 04-CV-7402 (RCC)(RLE), 2006 WL 680527 (Mar. 16, 2006) (open allegations discoverable); *Ismail v. Cohen*, 899 F.2d 183, 188-89 (2d Cir. 1990) (allegations that post-date incident are discoverable).

### *r. Personnel Files (Document Request Nos. 140, 148, 156, 164, & 172)*

Defendants should be compelled to produce the personnel files of the individual defendants. It is well-settled in this circuit that defendant officers' personnel files are discoverable in civil rights cases. *See McKenna v. Inc. Vill. of Northport*, No. CV 06-2895 (SJF) (ETB), 2007 WL 2071603, at *7-9 (E.D.N.Y. July 13, 2007) (citing *Barrett v. City of New York*, 237 F.R.D. 39 (E.D.N.Y. 2006); *Unger v. Cohen*, 125 F.R.D. 67 (S.D.N.Y. 1989); *King v. Conde*, 121 F.R.D. 180 (E.D.N.Y. 1988)).

## IV. DEFENDANTS SHOULD BE SANCTIONED PURSUANT TO FRCP RULE 37(a)(5)

Where a motion to compel under FRCP Rule 37 is granted, the court "must . . . require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FRCP Rule 37(a)(5)(A). Even if the Defendants produce discovery in the face of the instant motion, it "may [still] subject [them] or [their] counsel to discovery sanctions." *Landry v. Nance*, No. 09 CV 1086 (W.D.N.Y. Feb. 25, 2011). Here, Defendants have failed to provide a myriad of basic discovery, and have failed to produce it for months despite Plaintiff's diligent efforts and patience in obtaining the discovery from Defendants. Even if Defendants were to produce the foregoing discovery, it is respectfully requested that attorneys' fees be awarded to Plaintiff for having to seek judicial intervention to obtain the discovery noted herein.

---

F.Supp.2d 354, 373 (S.D.N.Y. 2002) (investigative report finding misconduct by officer submitted to the Chief of Department).

[4] The files that Plaintiff is currently aware of are set forth more fully in his Third Set of Document Demands.

Given the foregoing, it is respectfully requested that the Court grant this application. Thank you for your time and consideration of this matter.

Respectfully submitted,

/s/
Gregory P. Mouton, Jr., Esq.

cc:

Colin Ceriello, Esq. (via ECF)
New York City Law Department
*Attorneys for Defendants*
100 Church Street
New York, NY 10007